SHANNON M. WILKINS, APPELLANT AND CROSS-APPELLEE, V.
JOSEPH A. WILKINS, APPELLEE AND CROSS-APPELLANT.
697 N.W.2d 280

Filed June 3, 2005.    No. S-04-252.

Joseph H. Murray, P.C., L.L.O., of Germer, Murray & Johnson, for appellant.

Sally A. Rasmussen, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Shannon M. Wilkins appeals from the trial court's order modifying the decree that dissolved her marriage to Joseph A. Wilkins. The court increased Joseph's child support obligation, denied retroactive application of the child support increase, and recalculated the responsibility for health care and childcare expenses. It declined to change the allocation of tax exemptions for the parties' minor children and denied Joseph's request that he be allowed a deduction for the entire amount of his monthly student loan payment in calculating his child support obligation. Joseph cross-appeals.

## SCOPE OF REVIEW

Modification of child support is entrusted to the discretion of the trial court. See *Emery v. Moffett, ante* p. 867, 697 N.W.2d 249 (2005). An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Id.*

## FACTS

Shannon and Joseph were married in August 1993. A dissolution decree entered on January 11, 2001, granted custody of the parties' two minor children to Shannon, with reasonable visitation for Joseph, including 6 weeks in the summer. Joseph was ordered to pay child support of $600 per month for two children and $400 per month for one child, commencing January 1, 2001. The decree provided that child support would abate by one-half for 1 month during summer visitation. Joseph was directed to pay his student loans of approximately $80,000, and he was granted a deviation in child support based upon the student loan payments. The deviation reduced his child support obligation by $137 per month for two children and $114 per month for one child.

Shannon was directed to provide health insurance for the children when it is available through her employment, and Joseph was made responsible for one-half of any medical and health care expenses not covered by insurance. Each parent was directed to pay the daycare expenses incurred when the children were in that parent's physical custody. The decree provided that Shannon could claim one of the children as a dependent for income tax purposes and that Joseph could claim the other, as long as he was current in his child support obligation.

On November 29, 2001, Shannon filed an application for modification of the dissolution decree, asserting that there had been material changes of circumstances. She alleged that the cost of daycare had increased and requested a modification to require Joseph to pay a proportionate share of this expense. She claimed that Joseph's income had increased since the decree and that application of the Nebraska Child Support Guidelines to his current income would result in an increase in child support in excess of 10 percent of his current obligation. Shannon also asked for a court order requiring the parties to file separate applications for credit in order to separate their loan obligations.

The issues raised in the modification request were not ultimately determined until February 2004, over 2 years after it was filed. The delays were the result of a number of events.

When Shannon filed the application for modification in November 2001, she did not have Joseph served with a summons. He entered a voluntary appearance on February 7, 2002. In an amended answer, Joseph asserted that the trial court should take into consideration his obligation to make monthly student loan payments when determining child support. Joseph also filed a counterclaim, alleging that he should be entitled to claim both children as dependents for income tax purposes.

On December 16, 2002, the trial court ordered that Joseph's child support obligation for two minor children be increased temporarily to $900 per month, effective November 1, 2002. A final decree was subsequently entered, and Joseph filed a motion for new trial or to alter or amend the judgment. He also filed a motion to recuse the trial judge because of ex parte communications between the judge and Shannon's counsel. The judge subsequently recused himself.

On May 2, 2003, a different judge sustained Joseph's motion for new trial and vacated and set aside the orders of the first trial judge. The second judge ordered continuation of the temporary child support during the pendency of the action and scheduled a new trial for July 1. Shannon's counsel filed a motion for continuance on June 30 because his residence had sustained severe tornado damage and he did not have adequate time to prepare for trial.

Following the new trial, the trial court entered an order on September 30, 2003, modifying the original decree. The court found a material change in circumstances in that Joseph's annual income had increased while Shannon's income had remained the same. As to Joseph's request for a deduction of his $1,029 per month student loan payments in calculating child support, the court found some evidence that the student loans might have been taken into consideration at the time of the decree. The court granted a deduction of 25 percent of the monthly loan payment, or $257.25, from Joseph's monthly income in calculating child support. It ordered monthly child support of $907 for two children and $627 for one child.

Shannon had requested that the modification of child support be made retroactive to the month following the filing of her application. The trial court noted that Joseph had paid $900 per month for approximately 10 months under the temporary child support order. It concluded that the delays in the case could not be specifically attributed to either party and that it would create a hardship on Joseph to make his child support obligation retroactive to December 1, 2001. The court found that the temporary child support had given Shannon adequate relief, and the modified child support obligation was made effective October 1, 2003.

The trial court ordered that each party would be responsible for one-half of the children's medical expenses not covered by insurance, in accordance with the child support guidelines. The court made no change in the allocation of tax exemptions. It ordered Joseph to reimburse Shannon for 50 percent of work-related childcare and ordered Shannon to reimburse Joseph for 50 percent of work-related childcare during summer visitation.

At the new trial, Joseph presented evidence that he had remarried and that his wife was expecting a child relatively soon. He requested credit for the support of this child in the calculation of his child support obligation. The trial court found it not appropriate to do so prior to the birth of the child. It stated, "However, it appears that [Joseph] would certainly be entitled to such a credit upon the birth of the child, and it is hoped that the parties can reach a stipulation in that regard." The court indicated a willingness to enter a further order of modification if an application was filed and the parties stipulated to the modification. The court stated that if no agreement could be reached concerning a further application to modify, it would consider entering a temporary order after notice and hearing, with all evidence to be presented by affidavit.

On October 2, 2003, Joseph filed a motion to reopen his rest or for new trial in order to present evidence of the birth of his daughter on September 27. Shannon filed a motion for new trial on October 6.

The trial court overruled the motions for new trial but granted Joseph's motion to reopen his rest for the limited purpose of providing evidence of the birth of the child. After evidence was offered, the court took the matter under advisement.

The final order modifying the dissolution decree was entered on February 23, 2004. The trial court found a material change in circumstances based on the 47-percent increase in Joseph's income while Shannon's income remained the same. The court again granted Joseph the student loan deduction of 25 percent. It made the child support modification effective March 1, 2004, finding that the temporary child support had given Shannon adequate relief and that the delays could not be specifically attributed to either party. Each party was directed to be responsible for one-half of any medical expenses in excess of $480 per calendar year per child up to a maximum of Joseph's monthly child support obligation. The court granted no change in the tax exemptions.

As a deviation from the child support guidelines, the trial court allowed Joseph a deduction of $411 from his income as the amount of his child support obligation for the child born

September 27, 2003. The court based this deduction on a worksheet provided by Joseph. Joseph was ordered to pay child support of $792.35 per month for two children and $548.94 for one child. Shannon appealed, and Joseph has filed a cross-appeal.

## ASSIGNMENTS OF ERROR

Shannon assigns as error the trial court's abuse of discretion in (1) calculating child support on the basis of Joseph's total monthly income less $411 attributable to his obligation to support a child born September 27, 2003; (2) failing to make the child support order effective as of December 1, 2001, the first day of the month after Shannon filed her application for modification of the decree; and (3) failing to make Joseph's requirement to contribute to childcare expenses retroactive to December 1, 2001.

On cross-appeal, Joseph asserts that the trial court erred in (1) failing to grant him a credit in the amount of his entire student loan payment, which resulted in an increase in his child support payments, and (2) failing to award Joseph the tax exemptions for both minor children.

## ANALYSIS

### CHILD SUPPORT FOR SUBSEQUENTLY BORN CHILD

Shannon's first assignment of error asserts that the trial court abused its discretion in granting Joseph a deviation from the child support guidelines based upon his obligation to support a subsequently born child.

The Nebraska Child Support Guidelines contain two provisions related to credit that may be given for other children. In paragraph E(6), the guidelines state: "Other Children. Subject to Paragraph T, credit may be given for biological or adopted children for whom the obligor provides regular support." Paragraph T, which went into effect on September 1, 2002, provides:

> Limitation on Decrease. An obligor shall not be allowed a reduction in an existing support order solely because of the birth, adoption, or acknowledgement of subsequent children of the obligor; however, a duty to provide regular support for subsequent children may be raised as a defense to an action for an upward modification of such existing support order.

Joseph raised the defense of subsequent children at the trial held on August 19, 2003. When Joseph was asked if he and his current wife had any children, he responded that they were expecting a child in about a month. Shannon objected when Joseph was asked when the child was due. The trial court reserved ruling on the relevancy objection and allowed Joseph to make a record. Joseph testified that the child was due September 22. At the hearing on the motions for new trial, the court received into evidence the birth certificate of the child, showing that she was born on September 27. In its order of February 23, 2004, the court allowed Joseph a deduction of $411 from his income for the support of the third child.

The child support guidelines are to be applied as a rebuttable presumption to both temporary and permanent support, and any deviation from the guidelines must take into consideration the best interests of the children. See *Dueling v. Dueling*, 257 Neb. 862, 601 N.W.2d 516 (1999). A court may deviate from the guidelines when one or both of the parties have provided sufficient evidence to rebut the presumption. *Czaplewski v. Czaplewski*, 240 Neb. 629, 483 N.W.2d 751 (1992). In *Brooks v. Brooks*, 261 Neb. 289, 292-93, 622 N.W.2d 670, 673 (2001), this court stated, "The party requesting a deviation from the guidelines based upon an obligation to support offspring of a subsequent relationship bears the burden of providing evidence regarding the obligation, including the income of the other parent of the child or children of the subsequent relationship."

In *Emery v. Moffett, ante* p. 867, 697 N.W.2d 249 (2005), we cited *Brooks* and noted that there is no precise mathematical formula for calculating child support when subsequent children are involved. "[T]he calculation is left to the discretion of the court as long as the court considered the obligations to both families and the income of the other parent of the subsequent children." *Emery v. Moffett, ante* at 871, 697 N.W.2d at 254. The trial court "has discretion to choose if and how to calculate the deviation, but must do so in a manner that does not benefit one family at the expense of the other." *Id.*

Joseph presented evidence concerning his income and that of his current wife, including their joint income tax return for 2002 and their pay stubs. The trial court used this information in

calculating Joseph's child support obligation for the two children born of his marriage to Shannon. The court found that it was equitable to grant a deduction of $411 for the child born subsequent to the dissolution decree in calculating the modification of child support for the prior children.

Shannon concedes that it is "certainly fair, at some point, to give [Joseph] a reduction for the support of subsequently born children." Brief for appellant at 22. However, she argues that the circumstances of the case had not yet reached that point and that the trial court abused its discretion in allowing a deviation from the guidelines.

Two questions are presented: (1) whether the trial court abused its discretion in allowing a deduction for the support of the child born to Joseph and his current wife and (2) whether the amount of the deduction was an abuse of discretion.

Modification of child support is entrusted to the discretion of the trial court. See *Emery v. Moffett, supra.* An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Id.* It is true that if the case had been decided earlier, the child of Joseph and his current wife would not have been a consideration that affected the child support calculation. However, under the circumstances of this case, it was not an abuse of discretion to allow a deviation from the child support guidelines pursuant to paragraph T. This case was plagued by delays, none of which were necessarily attributable to either party.

The district court calculated child support for the children of Joseph's first marriage while taking into consideration his obligation to the child of his second marriage. The court therefore determined child support in an interdependent manner that considered the obligation to each family, and we find no abuse of discretion in that determination. See *Emery v. Moffett, supra.*

## RETROACTIVE APPLICATION OF MODIFICATION

Shannon argues that the trial court abused its discretion in failing to make the modified child support order effective December 1, 2001, which was the first day of the month after she filed her application for modification of the dissolution decree. Shannon argues that although Joseph paid $900 in temporary support for

14 months during the proceedings, he paid only $600 per month during the first 11 months the case was pending. She also argues that the court abused its discretion in failing to make Joseph's requirement to contribute to childcare expenses retroactive to December 1, 2001.

Whether a child support order should be retroactive is entrusted to the discretion of the trial court and will be affirmed absent an abuse of discretion. *Emery v. Moffett, ante* p. 867, 697 N.W.2d 249 (2005). Absent equities to the contrary, the modification of child support orders should be applied retroactively to the first day of the month following the filing date of the application for modification. *Erica J. v. Dewitt*, 265 Neb. 728, 659 N.W.2d 315 (2003). In a modification of child support proceeding, the child and custodial parent should not be penalized, if it can be avoided, by the delay inherent in our legal system. *Id.*

The trial court found that the delays in this case were not attributable to either party. The delays resulted from, inter alia, a motion to recuse the judge who initially handled the case, the failure of the court clerk to notify Joseph of the entry of an order, and tornado damage to the home of Shannon's attorney.

The Nebraska Court of Appeals has addressed the retroactivity of a modification of child support by stating:

> The rule providing that the status, character, and situation of the parties and attendant circumstances should be considered in determining whether to make child support modifications retroactive naturally requires consideration of the obligated party's ability to pay the lump sum that will necessarily result in such a retroactive order. We find no cases in which the ability of the obligated party to pay the retroactively ordered support is discussed, but we think the ability to pay is a paramount factor. We think that in the absence of a showing of bad faith, it is an abuse of discretion for a court to award retroactive child support when the evidence shows the obligated parent does not have the ability to pay the retroactive support and still meet current obligations.

*Cooper v. Cooper*, 8 Neb. App. 532, 538, 598 N.W.2d 474, 478 (1999).

It appears that Shannon is seeking an additional $300 per month for 11 months, or $3,300. The trial court found that it

would create a hardship on Joseph to make the child support modification retroactive to the month following the filing of the application for modification and that the temporary child support had given Shannon adequate relief.

Joseph testified that he did not have the means to pay a retroactive award. He offered into evidence an account summary from Wells Fargo Bank which showed that as of August 15, 2003, he had $1,945.86 in his checking account and $339.32 in his savings account. Joseph stated that the checking account was a bill-paying account and that there were outstanding checks. The savings account was Joseph's only source of savings.

There was no showing of bad faith on the part of Joseph to suggest that he had other funds available to pay a retroactive award of child support, and he offered evidence that his average living expenses exceeded his monthly net income. The trial court's finding that a retroactive order would create a hardship on Joseph is supported by the record. The court did not abuse its discretion in failing to order retroactive payment of child support or childcare expenses.

### Cross-Appeal

On cross-appeal, Joseph asserts that the trial court erred in failing to deduct the entire amount of his monthly student loan payment from his monthly income when the court calculated his child support obligation. This assignment of error is without merit.

The trial court granted a deduction from monthly income equal to 25 percent of Joseph's monthly student loan payment. Joseph argues that the court's failure to deduct 100 percent of the student loan payment ignored the fact that it is a fixed, legally unavoidable expense, and he complains that the court did not explain its reasoning for a deduction of only 25 percent.

In the dissolution decree, Joseph was directed to pay his student loans of approximately $80,000, and as a result, he was granted a deviation in child support. His child support was decreased by $137 per month for two children and $114 per month for one child. Neither party filed an appeal following the entry of the dissolution decree.

When the second trial judge assumed this case, he noted that Joseph was requesting a deduction of $1,029 (the amount of his

monthly student loan payment) from his monthly income in the calculation of child support. The court found that the student loans contributed to Joseph's ability to earn his present income and that the loans may have been taken into consideration at the time of the dissolution decree. The court concluded that it was equitable to grant Joseph some deviation from the child support guidelines, and it ordered a deduction of 25 percent of Joseph's monthly student loan payment, or $257.25, from his monthly income.

A party seeking to modify a child support order must show a material change in circumstances which (1) occurred subsequent to the entry of the original decree and (2) was not contemplated when the decree was entered. See *Gase v. Gase*, 266 Neb. 975, 671 N.W.2d 223 (2003). In this case, the amount of Joseph's student loan payments was known to the parties when the dissolution decree was entered, and it was considered in determining child support at that time. Joseph did not appeal from the dissolution decree. Therefore, he has no basis for arguing that the total amount of his monthly student loan payment should be deducted from his monthly income in calculating child support upon Shannon's application for modification. He was not allowed to deduct the entire amount in the dissolution decree, and he cannot relitigate that issue upon an application for modification.

Joseph also argues that the trial court should have carried over the $137 and $114 reductions for two children and one child respectively from the monthly child support. We conclude that the reduction in support for the student loan payments was determined in the original decree and should not have been changed by the court upon the application to modify.

Joseph also asserts that the trial court erred when it denied his request that he be allowed to claim both of the minor children as dependents for income tax purposes. We find no abuse of discretion in the court's denial of this request.

## CONCLUSION

For the reasons stated above, the judgment of the trial court is modified as follows: Joseph is ordered to pay $737 per month as child support for two children and $479 per month as child support for one child, effective February 23, 2004, the date of the

final order of modification entered by the trial court. Each party shall pay his or her own costs and attorney fees.

AFFIRMED AS MODIFIED.

STEPHAN, J., not participating.