declaratory judgments by adding a clause at the beginning of the sentence, such that the modified sentence states, "Except for a change in circumstances arising after the date of this judgment, this Farm Lease Agreement is valid and enforceable through 2015." As so modified, we affirm the judgments of the district court.

Affirmed as modified.

———————

Paul M. Schwarz, appellant, v. Kristi L. Schwarz, now known as Kristi L. Hendrickson, appellee.

___ N.W.2d ___

Filed January 23, 2015.    No. S-14-122.

1.  **Modification of Decree: Child Support.** Modification of child support is entrusted to the discretion of the trial court.
2.  **Modification of Decree: Child Support: Appeal and Error.** An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion.
3.  **Judges: Words and Phrases.** A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
4.  **Child Support: Rules of the Supreme Court.** Interpretation of the Nebraska Child Support Guidelines presents a question of law.
5.  **Judgments: Appeal and Error.** An appellate court resolves questions of law independently of the lower court's conclusion.
6.  **Courts: Child Support.** The trial court has discretion to choose whether and how to calculate a deduction for subsequent children.
7.  **Child Support.** No precise mathematical formula exists for calculating child support when subsequent children are involved, but the court must perform the calculation in a manner that does not benefit one family at the expense of the other.
8.  **Modification of Decree: Child Support: Proof.** The party requesting a deduction for his or her obligation to support subsequent children bears the burden of providing evidence of the obligation, including the income of the other parent of the child.
9.  **Child Support: Appeal and Error.** A party may raise two separate issues on appeal when a trial court allows a deduction for the obligor's support of subsequent children: (1) whether the court abused its discretion by allowing a deduction and (2) whether the court's method of calculation was an abuse of discretion.

10. **Child Support: Rules of the Supreme Court.** Under the Nebraska Child Support Guidelines, only the cost of health insurance that is actually ordered by the court must be added to the monthly support and only the parent who is ordered to provide coverage for the child is entitled to a credit.

Appeal from the District Court for Dawson County: Donald E. Rowlands, Judge. Reversed and remanded with directions.

Derek L. Mitchell for appellant.

Bradley D. Holbrook and Nicholas A. Buda, of Jacobsen, Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Connolly, J.

## SUMMARY

The district court dissolved the marriage of Paul M. Schwarz and Kristi L. Schwarz, now known as Kristi L. Hendrickson, and gave Paul custody of their minor child Paul Caleb Schwarz (Caleb). Paul later moved to modify the amount of child support Kristi paid, alleging that the parties' income had materially increased. The court increased Kristi's support obligation after applying a deduction for her subsequent child and a credit for the amount she paid for health insurance that covered Caleb. On appeal, Paul argues that Kristi did not present sufficient evidence to allow a deduction for her subsequent child and that she should not have received a credit for health insurance. We affirm the deduction for Kristi's subsequent child but conclude that the court abused its discretion by giving Kristi a credit for the cost of health insurance.

## BACKGROUND

In 2001, the court entered a decree dissolving the marriage of Kristi and Paul. The court gave custody of their minor child Caleb to Paul in 2006 and ordered Kristi to pay child support. The court ordered Paul to maintain health insurance for the benefit of Caleb. The court allocated nonreimbursed

necessary health care costs for Caleb in excess of $480 per year to Kristi and Paul in proportion to their contributions to Caleb's support. In 2011, the court reduced Kristi's support obligation for Caleb to $250 per month.

Paul moved to modify the decree in 2013, alleging that the parties' income had changed and that the change would increase the support paid by Kristi by more than 10 percent. Kristi denied that a material change of income had occurred and affirmatively alleged that she had an "after born child" who may be raised as a defense to Paul's motion to increase child support.

At trial, Paul testified about his employment and the amount of his income. Paul also testified that he maintains health insurance that covers Caleb through his employer.

Like Paul, Kristi produced evidence of her current employment and income. Kristi testified that she is married to Dan Hendrickson and that they have a daughter, Makayla Hendrickson. Kristi testified about Dan's employment and income, and the court received a copy of Dan's direct deposit receipt from his employer. Kristi testified that she provides health and dental insurance coverage for her "family" through her employer. Dan, Makayla, and Caleb are covered by the policy, in addition to Kristi. Kristi pays about $342 more per month for "Employee + Family" coverage compared to "Employee Only" coverage.

The court concluded that there was a material change of circumstances and increased Kristi's monthly support obligation for Caleb to $293. The court "incorporated . . . by reference" the worksheet 1 prepared by Kristi. The worksheet gave Kristi a $297 deduction for "[c]hild regular support for other children," which the court stated was in accordance with the "use [of] an after-born child as a partial defense to a request to raise child support." To the amount of Kristi and Paul's monthly support for Caleb, the court added $342 under Kristi's column for "[h]ealth insurance premium . . . as ordered." The court then gave Kristi a $342 credit for "health premium actually paid." After application of this credit, Kristi's final share of the obligation was $293.

## ASSIGNMENTS OF ERROR

Paul assigns that the district court erred by giving Kristi (1) a deduction for a subsequent child and (2) a credit for the cost of health insurance premiums.

## STANDARD OF REVIEW

[1–3] Modification of child support is entrusted to the discretion of the trial court.[1] An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion.[2] A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[3]

[4,5] Interpretation of the Nebraska Child Support Guidelines presents a question of law.[4] We resolve questions of law independently of the lower court's conclusion.[5]

## ANALYSIS

### Subsequent Child

Paul argues that Kristi did not present sufficient evidence to support a deduction for Makayla, her subsequent child. Specifically, Paul contends that because Kristi does not incur a "separate insurance expense" for Makayla and because Kristi's current husband, Dan, also has an income used to support Makayla, the evidence did not show that Makayla was an "additional financial burden to Kristi."[6] Kristi argues that there was sufficient evidence of her obligation to support Makayla.

---

[1] *Rutherford v. Rutherford*, 277 Neb. 301, 761 N.W.2d 922 (2009) (per curiam).

[2] *Id*.

[3] *Id*.

[4] *Mamot v. Mamot*, 283 Neb. 659, 813 N.W.2d 440 (2012).

[5] See *id*.

[6] Brief for appellant at 6.

In some circumstances, the Nebraska Child Support Guidelines permit a court to deduct a parent's obligation to support subsequent children from his or her monthly income. Neb. Ct. R. § 4-205(E) provides that "[s]ubject to § 4-220, credit may be given for biological or adopted children for whom the obligor provides regular support." The applicability of the deduction under § 4-205(E) is limited by Neb. Ct. R. § 4-220:

> An obligor shall not be allowed a reduction in an existing support order solely because of the birth, adoption, or acknowledgment of subsequent children of the obligor; however, a duty to provide regular support for subsequent children may be raised as a defense to an action for an upward modification of such existing support order.

So, in cases seeking an upward modification of an existing support award, the guidelines allow the obligor a deduction for her obligation to support a subsequent child.

[6–8] The trial court has discretion to choose whether and how to calculate a deduction for subsequent children.[7] When the court decides to allow a deduction, the calculation is left to its discretion so long as it considers the obligations to both families and the income of the subsequent child's other parent.[8] No precise mathematical formula exists for calculating child support when subsequent children are involved, but the court must perform the calculation in a manner that does not benefit one family at the expense of the other.[9] The party requesting a deduction for his or her obligation to support subsequent children bears the burden of providing evidence of the obligation, including the income of the other parent of the child.[10]

---

[7] See *Wilkins v. Wilkins*, 269 Neb. 937, 697 N.W.2d 280 (2005).

[8] See, *id*.; *Emery v. Moffett*, 269 Neb. 867, 697 N.W.2d 249 (2005).

[9] See, *Wilkins v. Wilkins, supra* note 7; *Emery v. Moffett, supra* note 8.

[10] See, *Wilkins v. Wilkins, supra* note 7; *Brooks v. Brooks*, 261 Neb. 289, 622 N.W.2d 670 (2001). See, also, *Crawford v. Crawford*, 263 Neb. 37, 638 N.W.2d 505 (2002).

[9] A party may raise two separate issues on appeal when a trial court allows a deduction for the obligor's support of subsequent children: (1) whether the court abused its discretion by allowing a deduction and (2) whether the court's method of calculation was an abuse of discretion.[11] Here, Paul has specifically assigned and argued only the first issue, contending that Kristi "did not meet her burden to use the after-born child [Makayla] as a defense to the increase in child support sought by Paul."[12] Paul does not specifically argue that the method the court used to calculate the amount of the deduction was an abuse of discretion, and we therefore do not address this issue.[13]

We conclude that the trial court did not abuse its discretion by allowing Kristi a deduction for her obligation to support Makayla. Kristi produced evidence of her obligation to support a subsequent child, her income, and the income of the other parent of the subsequent child. Using this information, Kristi prepared worksheet 1, calculating her and Dan's respective shares of their support obligation for Makayla. Kristi sought a deduction in response to Paul's application to upwardly modify an existing support award, which is the application contemplated by §§ 4-205(E) and 4-220. Kristi presented sufficient evidence to warrant a deduction for her support obligation to Makayla.[14]

## Health Insurance

Paul argues that the court erred by giving Kristi a credit for premiums she paid for health insurance that covered Caleb, because the addition or deletion of Caleb's coverage to or from Kristi's plan would not affect the amount of her premium. Additionally, Paul notes that the court did not order Kristi to provide health insurance coverage for Caleb. Kristi responds

---

[11] See, *Wilkins v. Wilkins, supra* note 7; *Brooks v. Brooks, supra* note 10.

[12] Brief for appellant at 6.

[13] See *deNourie & Yost Homes v. Frost, ante* p. 136, 854 N.W.2d 298 (2014).

[14] See *Wilkins v. Wilkins, supra* note 7. See, also, *Brooks v. Brooks, supra* note 10.

that it was in Caleb's best interests to have secondary health insurance coverage.

The guidelines require a child support order to address how the parents will provide for the child's health care.[15] The "[c]hildren's health care needs are to be met by requiring either parent to provide health insurance as required by state law."[16] The guidelines require the "increased cost to the parent for health insurance" to be added to the monthly support in worksheet 1 and permit the "parent paying the premium" a credit against his or her share of the monthly support.[17]

[10] Whereas here, Paul was ordered to pay health insurance premiums in the initial decree, we conclude that the court abused its discretion by allowing Kristi a credit under § 4-215(A) for the cost of health insurance coverage for Caleb because there is no evidence that the court ordered Kristi to provide coverage. In 2006, the court ordered Paul to maintain coverage for Caleb, and so far as the record shows, this requirement was never altered. Even though Kristi was not ordered to provide coverage for Caleb, the court added $342 to the monthly support total in the worksheet 1 as "[h]ealth insurance premium . . . as ordered," and then gave Kristi a credit for the same amount. Under § 4-215(A), only the cost of health insurance that is actually ordered by the court must be added to the monthly support in worksheet 1 and only the parent who is ordered to provide coverage for the child is entitled to a credit.[18]

## CONCLUSION

The court did not abuse its discretion by allowing Kristi a deduction for her support obligation for a subsequent child. But the court did abuse its discretion by adding the amount that Kristi pays for family health insurance coverage to the

---

[15] Neb. Ct. R. § 4-215 (rev. 2011). See, also, Neb. Rev. Stat. § 42-369(2)(a) (Cum. Supp. 2014); *Bussell v. Bussell*, 21 Neb. App. 280, 837 N.W.2d 840 (2013).

[16] § 4-215(B).

[17] § 4-215(A).

[18] See *McDonald v. McDonald*, 21 Neb. App. 535, 840 N.W.2d 573 (2013).

monthly support total in worksheet 1 and giving Kristi a credit for the same amount. We reverse the judgment of the trial court and remand the cause for a calculation of child support consistent with this opinion.

Reversed and remanded with directions.